```
1  J. TONY SERRA #32639
   EAN VIZZI #209444
2  506 Broadway
   San Francisco CA 94133
3  Telephone: 415/986-5591

4  Attorneys for Defendant
   DAMON RYDELL
5
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR S 10-220 GEB |
|---|---|
| Plaintiff, | NOTICE OF MOTION AND |
| v. | MOTION TO SUPPRESS EVIDENCE (CAR STOP) |
| DAMON RYDELL, | Date: 03/4/11 |
|   | Time: 9:00 a.m. |
| Defendant.       / | Dept: Judge Garland Burrell, Jr. |

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO THE UNITED STATES ATTORNEY FOR THE EASTERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that on March 4, 2011, at the hour of 9:00 a.m. or as soon thereafter as the matter may be heard, defendant DAMON RYDELL, through counsel, will and hereby does move to submit his motion to suppress evidence seized in a vehicle stop and hereby requests an evidentiary hearing on issues herein raised.

This motion is supported on the following memorandum of points and authorities; the files and records herein; and on any other evidence and/or argument as may be presented hereafter.

```
   DATED:  January 4, 2011        /s/J. TONY SERRA
                                  J. TONY SERRA
                                  EAN VIZZI
                                  Attorneys for Defendant
                                  DAMON RYDELL
```

**Statement of Facts**

While suspected marijuana grow location is being surveilled by law enforcement (before search warrant issues), defendant's vehicle exiting from such location is stopped for "traffic violation"; no marijuana, no arrests were made. Officer identifies defendant Damon Rydell, as driver.

In the parlance of the affidavit, the scenario is described as follows:

> On 04/20/10, surveillance is started at 0930 hours at the 2471 Cohasset Road, Suite 220 address. The blue Ford pickup (4S01693), black Dodge Charger (6GIA813) and the white Nissan (3FDT847) are all at the location.
>
> At approximately 1210 hours the black Dodge Charger leaves the Cohasset address. At approximately 1315 hours the Dodge is located at the 4331 Hedstrom Way address. At approximately 1355 hours the Dodge leaves the Hedstrom address and proceeds s/b Hwy. 99.
>
> At approximately 1357 hours Deputy Matt Rackley of the Butte County Sheriff's Office conducted a traffic stop on the vehicle at the East Ave off ramp to Hwy. 99. (Deputy Rackley was assigned to assist SEU on this date by making a traffic stop on the vehicle if he was able to on view a traffic violation. He was then asked to ID the subjects in the vehicle.) The driver was ID as Damon Todd Rydell, DOB: 12/10/74; the right front passenger was ID as Johnny Eugene Grivette Jr., DOB: 12/21/74 and the rear passenger was ID as Ramon Felipe Maldonado, DOB: 01/20/84.
>
> After the traffic stop, I met with Deputy Rackley who relayed the following to me. He told me there were three subjects in the vehicle. Deputy Rackley told me Rydell and Grivette were ID by their California drivers' license and Maldonado was ID by self admission. Deputy Rackley told me while making contact with the occupants of the Dodge he could smell a strong odor of marijuana coming from within the vehicle. (I had obtained CDL photos on all three subjects and showed them to Deputy Rackley and he told me all three photos were the subjects he had made contact with in the vehicle.)

**LAW OFFICES**
506 BROADWAY
SAN FRANCISCO
(415) 986-5591
Fax: (415) 421-1331

DEFENDANT'S CONTENTIONS

1. Prior to being stopped, he did not commit any traffic violation;

2. The vehicle stop was a "pre-text stop" to identify occupants in the vehicle; and

3. There was no marijuana odor in the vehicle.

Wherefore, defendant requests an evidentiary hearing on the above raised issues.

**POINTS AND AUTHORITIES**

I.

THE TRAFFIC ENFORCEMENT STOP WAS UNLAWFUL, AND UNSUPPORTED BY ANY REASONABLE SUSPICION.

Current case law provides that traffic stops are "subject to the constitutional imperative that [they] not be 'unreasonable' under the circumstances," Whren v. United States (1996) 517 U.S. 806, at 810, and that the officer enforcing the stop must be able to articulate an "objective justification for making the stop." United States v. Sokolow (1989) 490 U.S. 1. In short, according to that case, police officers must have an articulable, reasonable suspicion for performing a traffic stop, and absent such suspicion, the stop will not be deemed lawful, and accordingly, any evidence seized during a subsequent search must be suppressed. (Id. at 12)

Traffic stops are "subject to the constitutional imperative that [they] not be 'unreasonable' under the circumstances." Whren v. United States, 517 U.S. 806, 810 (1996). Furthermore, "persons in automobiles on public roadways may not for that reason alone have their travel and privacy interfered with at

LAW OFFICES
506 BROADWAY
SAN FRANCISCO
(415) 986-5591
Fax: (415) 421-1331

3

1  the unbridled discretion of officers." Delaware v. Prouse, 440
2  U.S. 648, 674 (1979). Therefore, unless there is "at least
3  articulable and reasonable suspicion that a motorist is
4  unlicensed or that either the vehicle or an occupant is
5  otherwise subject to seizure for violation of law, stopping an
6  automobile and detaining the driver in order to check his
7  driver's license and the registration of the automobile are
8  unreasonable under the Fourth Amendment." Delaware v. Prouse,
9  supra, 440 U.S. at 673.

   DATED: January 4, 2011   Respectfully submitted,


   _____           /s/J. TONY SERRA
                                     J. TONY SERRA
                                     EAN VIZZI
                                     Attorneys for Defendant
                                     DAMON RYDELL