```
BENJAMIN B. WAGNER
United States Attorney
RUSSELL L. CARLBERG
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2700
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br>   v. ) <br> ) <br> ) <br> DAMON TODD RYDELL, ) <br> ) <br> Defendant. ) <br> _____ ) | CR. NO. S-10-220 GEB <br><br><br><br> GOVERNMENT'S SENTENCING <br> MEMORANDUM <br><br> Date: September 30, 2011 <br> Time: 9:00 a.m. <br> Hon.  Garland E. Burrell Jr. |

I. INTRODUCTION

The government recommends an 18 months term of imprisonment. The government respectfully disagrees with the Probation Officer's overly-generous variance down to no jail time. This case involves a serious felony in which defendant Rydell, a former police officer, knowingly conspired to violate the federal drug laws for profit. A sentence of 18 months is appropriate under 18 U.S.C. § 3553, for the reasons explained below.

II. FACTS

This was an illegal drug grow for profit. Rydell was a partner with Grivette and Maldonado in the drug manufacturing operation. As the PSR notes, defendant Rydell "provided the

investment money which was used to pay for supplies, the shop rent, and power bills for the Hedstrom Way shop." PSR ¶ 29. Rydell, along with the other two defendants, "knowingly used and maintained the shop for the purpose of manufacturing over 200 plants of marijuana." PSR ¶ 29.

Rydell did not limit his involvement to an infusion of capital. He provided vehicles used to facilitate the grow. PSR ¶¶ 17-18. He also was physically present on numerous occasions at the grow and was even arrested at the grow when the search warrant was executed. PSR ¶¶ 19, 21, 24. He purchased thousands of ladybugs to eat mites that had infested the grow. Docket #61 [Grivette Plea Agreement, Factual Basis]. There were numerous text messages between Grivette and Rydell concerning the grow and making money. Id. Rydell and Grivette also exchanged text messages concerning finding other locations for indoor marijuana grows, including a 2,500 square foot warehouse in Anderson, California. Id. Clearly, this operation was caught in its early stages, but would have expanded had it gone unchecked.

### III. GUIDELINES CALCULATIONS

The Probation Officer correctly calculates the base offense level at 18. Next, however, the Probation Officer recommends a two level reduction under U.S.S.G. § 2D1.1(b)(11), on the assumption that the defendant will have fully and truthfully debriefed with the government before sentencing. But the defendant has never debriefed, or even offered to do so. Defendant did not even offer to provide any information to the

///

///

government.[1]  Therefore, it is inappropriate now at sentencing to reduce his offense level by two points.  Therefore, the defendant is at an offense level of 15 (after acceptance), for an advisory guideline range of 18-24 months.  In accord with the plea agreement, the government recommends an 18 month sentence, the low end of the appropriate range.

## IV. SECTION 3553 SENTENCING FACTORS

In arriving at an appropriate sentence, the court should consider, among other things, "the nature and circumstances of the offense," "the need for the sentence imposed to reflect the seriousness of the offense . . . and to provide just punishment for the offense," "the history and characteristics of the defendant," and to "afford adequate deterrence to criminal conduct."  18 U.S.C. §3553(a)(1) and (a)(2)(A) and (a)(2)(B).  As discussed below, each of these factors counsel in favor of a sentence of 18 months.

### A. Nature and Circumstances of Offense

Defendant Jay Grivette was broke and could not have put together this grow operation without Rydell's infusion of money. Rydell made the grow possible, he personally participated in it, and he visited other locations to expand the grow conspiracy shortly before the take-down.  This was a premeditated plan to violate the federal narcotics laws for profit.  As such, this is a serious offense meriting some term of real incarceration in an institution, not simply an ankle bracelet at home.

---

[1] The government does not believe it knows everything about this grow operation or all of the participants in the operation.

B. <u>History and Characteristics of the Defendant</u>

The "history and characteristics of the defendant" counsel a prison term of 18 months, as well. The government does not doubt Rydell now regrets his involvement in this operation. But Rydell is also a former police officer. He should have known better. Moreover, for a person with a spotty employment record, he somehow has amassed 15 investment properties, expensive vehicles, and a respectable net worth. Moreover, it is not as though Rydell turned himself in and cooperated. Rather, he was arrested, he denied involvement, he filed a slew of motions, and only came to acceptance on the even of trial after his friend (defendant Grivette) cooperated against him. Considering all of this, a short term of custody is warranted. Otherwise, the defendant may well be encouraged to think that a federal felony is essentially meaningless.

C. <u>General Deterrence and Just Punishment</u>

Not only should this defendant be specifically deterred by a term of custody, but others like him should see that operating a drug manufacturing scheme carries a real price tag. A term of zero months would send the message that the federal courts are simply willing to look the other way at manufacturing hundreds of marijuana plants, a Schedule I controlled substance.

D. <u>Sentencing Disparity</u>

it is important that courts avoid sentencing disparities among defendants. 18 U.S.C. § 3553(a)(6). Defendant Ramon Maldonado received a sentence of 24 months. Docket #83. Defendant Grivette will likely receive at least a similar sentence, having pleaded to the more serious offense. Zero jail

time for the man who funded and made the grow possible would create a sentencing disparity with respect to the other two defendants.  Indeed, 18 months more accurately reflects Rydell's culpability relative to Maldonado and Grivette.

## V. CONCLUSION

An 18 month sentence is "sufficient, but not greater than necessary" to comply with the purposes of Section 3553(a), discussed above.  The Probation Officer takes pity on the defendant, but does not articulate why a variance down to zero months is warranted.  Merely because the defendant has no known prior criminal history is not a reason for a radical variance downward.

After all, the lack of known criminal history is reflected already in his advisory guideline sentence (level 15, criminal history category I).  To take the Probation Officer's analysis to its logical conclusion would be to grant a variance down to zero months for every first-time offender who exhibits believable remorse. Such a rule would be unjustified in general, just as such a large variance downward is unjustified in this particular case.

Respectfully submitted,

BENJAMIN B. WAGNER
United States Attorney

*/s/ Russell L. Carlberg*
RUSSELL L. CARLBERG
Assistant U.S. Attorney